**Billy A. REED, Petitioner**

v.

### DEPARTMENT OF TRANSPORTATION, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 7, 2005.

Decided March 14, 2005.

Reargument Denied May 12, 2005.

Billy A. Reed, petitioner, pro se.

Terrance M. Edwards, Asst. Counsel and Timothy P. Wile, Asst. Counsel In–Charge, Harrisburg, for respondent.

BEFORE: COLINS, President Judge and LEADBETTER, Judge and SIMPSON, Judge.

OPINION BY President Judge COLINS.

Billy A. Reed (Petitioner) petitions for review from the decision of the Secretary of the Department of Transportation (Department), dated July 14, 2004, which denied Petitioner's exceptions to the proposed report of the Department Hearing Officer, Andrew H. Cline, and adopted the proposed order that denied Petitioner's request to have his driver's license photograph taken with his eyes closed. We affirm.

The pertinent factual findings are as follows. On August 5, 2003, Petitioner visited a photo license center in Reading, Berks County, for the purpose of obtaining a photo driver's license card (product).

A photograph was taken in which Petitioner had his eyes closed. Petitioner wanted to use the photograph with his eyes closed. The attendant refused and requested that Petitioner take an alternative photograph. Petitioner requested to speak with the attendant's supervisor and was told that pursuant to the Department's License Technician Operations Manual (manual), a person's eyes must be open in order for the license to be issued. Petitioner was not issued a product. The manual contains a section detailing what constitutes an acceptable final product. One of the requirements in the manual is that the eyes must be open and looking straight ahead. The manual was prepared by Pennsylvania Industries for the Blind & Handicapped (PIBH) and approved by the Department for use by PIBH, the Department's contractor for the operation of photo license centers. The guidelines in the manual have not been promulgated under the law known as the Commonwealth Documents Law,[1] 45 P.S. §§ 1102–1602 (Documents Law).

■ Petitioner timely filed a Request for a Hearing and a hearing was held before Hearing Officer Andrew H. Cline on April 6, 2004. Hearing Officer Cline's Proposed Report denied Petitioner's request to have his driver's license photograph taken with his eyes closed. Petitioner filed a Brief on Exceptions in response to the Proposed Report. On July 14, 2004, Allen D. Biehler, Secretary of Transportation, entered his Final Order, adopting the Proposed Report and denying Petitioner's exceptions. Petitioner petitions for review from the order of the Secretary of the Department of Transportation. This Court's scope of review on an appeal from an administrative agency decision is whether necessary findings of fact are supported by sub-

1. Act of July 31, 1968, P.L. 769, *as amended,* 45 P.S. §§ 1102–1602.

stantial evidence, whether an error of law has been committed, or whether constitutional rights were violated. *Adams Outdoor Advertising, Ltd. v. Department of Transportation,* 860 A.2d 600 (Pa. Cmwlth.2004).

■ In *Small v. Horn,* 554 Pa. 600, 722 A.2d 664 (1998), our Supreme Court dealt with a similar situation as the one before this Court. The Department of Corrections issued two "bulletins" that limited the nature of garments that inmates were allowed to wear and possess. Nine inmates challenged the "bulletins," stating that they were regulations and as such should have been promulgated pursuant to the notice-and-comment provisions of the Documents Law. The Supreme Court stated that "the authority to make rules concerning the management of state correctional institutions can fairly be implied from its enabling statute." *Id.* The Court goes further by citing language from *Independent State Store Union v. Pennsylvania Liquor Control Board.,* 495 Pa. 145, 432 A.2d 1375 (1981), to come to the conclusion that:

> The Court thus recognized a category of agency decisions that are inherently committed to the agency's sound discretion and that cannot reasonably be subjected to the "normal public participation process." In other words, the Court "acted to prevent the regulatory process from being used as a means to micromanage [state] liquor stores."

554 Pa. at 610, 722 A.2d at 669.

The Department's requirement that a person's eyes be open in his or her driver's license photograph falls within this same category. A driver's license photograph is for identification purposes and as such should provide the best resemblance of a person as possible. Having the eyes open

certainly is a reasonable rule set forth by the Department and is not an onerous. burden placed upon Petitioner.

■ Petitioner also asserts that his constitutional rights have been violated. Specifically, ˋPetitioner claims that his First Amendment right to freedom of expression [2] has been violated because a photograph is an expression of himself. Second, Petitioner asserts that his right to happiness as guaranteed by the Pennsylvania Constitution is violated. Petitioner fails to cite any case law in support of these two arguments. Third, Petitioner asserts that his due process rights were violated.

Petitioner's only argument regarding his right to freedom of expression is that the Department's policy denies him this right. Similarly, Petitioner simply states "PENNDOT is currently doing its darndest to upset my Happiness." Petitioner fails to develop either argument sufficiently for this Court to consider. Pa. R.A.P. 2119. Petitioner cites "no known cases" after his brief arguments on both of these points. While this Court is cognizant of Petitioner's *pro se* status, we cannot create a meritorious argument for him. Keeping one's eyes open and looking straight ahead while being photographed for a driver's license is a miniscule requirement that Petitioner must deal with if he wants his license.

This Court does not believe that Petitioner's freedom of speech is being denied. Further, while the Preamble to the Declaration of Independence does mention "the pursuit of happiness," nowhere in the Constitution does the government guarantee a citizen the right to his own idiosyncratic vision of happiness which in this case, is having his driver's license photo taken with his eyes closed. Perhaps Petitioner

---

**2.** Petitioner also cites the Pennsylvania Constitution for this claim.

would do well to heed to philosopher Eric Hoffer's often quoted maxim, "The search for happiness is one of the chief sources of unhappiness."

The *Small* court is helpful in addressing Petitioner's third claim regarding due process.[3] The *Small* court stated:

> Appellants have not stated a cause of action under the Due Process Clause. It is well settled that procedural due process concerns are implicated only by adjudications, not by state actions that are legislative in character.... Because issuance of the Bulletins was not an adjudication, Appellants cannot succeed on a procedural due process theory.

554 Pa. at 614, 722 A.2d at 671 (citations and footnote omitted).

■ The same is true here. Since the issuance of the manual is not an adjudication, Petitioner cannot succeed on a procedural due process theory. Additionally, driving is a privilege, not a right. *Commonwealth v. Jenner*, 545 Pa. 445, 681 A.2d 1266 (1996). Therefore, Petitioner has not suffered a deprivation of a property right or other similar interest.

■ Petitioner's last argument is that the necessary findings of fact are not supported by substantial evidence. It is well established that substantial evidence is such relevant evidence as a reasonable person might accept as adequate to support a conclusion. *Empire Steel Castings, Inc. v. Workers' Compensation Appeal Board (Cruceta)*, 749 A.2d 1021, 1024 (Pa. Cmwlth.2000). When performing a substantial evidence analysis, this Court must view the evidence in a light most favorable to the party who prevailed before the fact finder. *Id.* This Court finds substantial evidence to support the necessary findings of fact.

The Department presented testimony from Program Manager Templeton establishing that requiring a subject to keep his eyes open and looking straight ahead was a reasonable standard for photographic identification. Hearing Officer Cline found the testimony to be credible, and this Court holds that a reasonable person certainly might accept this as adequate to come to the same conclusion.

Petitioner also questions Hearing Officer Cline's finding of fact that there is no apparent reason why Reed cannot or will not comply with the Department's standard. This is not a necessary finding of fact to come to the conclusion so this Court need not address it.

Therefore, we affirm.

### ORDER

AND NOW, this 14th day of March 2005, the order of the Department of Transportation in the above-captioned matter is affirmed.

---

3. Petitioner does not specify whether he is claiming that the Department's action violated procedural due process or principles of substantive due process.