## Orange Stones Co. v. Borough of Hamburg Zoning Hearing Board

C.P. of Berks County, no. 09-4049.

*Daniel F. Schranghamer*, for appellant.
*Charles F. Fitzpatrick*, for appellee.
*James E. Gavin*, for intervenor.

SCHMEHL, *J.*, January 15, 2010—Orange Stones Co., appellant in the above-captioned case, appeals this court's September 16, 2009 order which denied appellant's land use appeal.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On September 11, 2008, appellant filed a zoning permit application for property located at 215 Pine Street in the Borough of Hamburg, County of Berks, Pennsylvania. This was the third permit application appellant had submitted for the same property, and the zoning officer denied the zoning permit application.

Appellant then filed an appeal with the Zoning Hearing Board of the Borough of Hamburg on November 3, 2008, requesting that the decision of zoning officer be reconsidered. The Zoning Hearing Board denied the application, and affirmed the decision of the zoning officer. In its decision, the Zoning Hearing Board determined that the use proposed in the zoning permit application, to use the property as a rehabilitation center, was not met by evidence presented, and instead constituted a jail or prison under section 508.8.7 of the Hamburg Zoning Ordinance, a use prohibited in the flood plain location of the property.

Appellant Orange Stones Co. filed a notice of land use appeal with this court on April 6, 2009, listing the Borough of Hamburg Zoning Hearing Board as appellee. On April 14, 2009, the Borough of Hamburg, Berks County, Pennsylvania filed a notice of intervention to the present land use appeal, and has since been listed as intervenor to the appeal. The appellant filed briefs of argument to argue in favor of the overturning of the zoning officer's

decision. The intervenor filed a brief in opposition to the appellant's appeal, to which the appellant joined its brief of argument.

Argument was heard on this matter on July 6, 2009. On September 16, 2009, this court entered an order which denied the land use appeal by appellant Orange Stones Co. On October 13, 2009, Orange Stones Co. filed its notice of appeal from this court's order, following which apppellant also filed its concise statement of matters complained of in its appeal to the Commonwealth Court.

## II. DISCUSSION

To begin, this court notes that many of these same issues were litigated at docket no. 08-14650, and are still being litigated on appeal at docket no. 951 CD 2009, in an action with many of the same common elements. The April 29, 2009 decision by Judge Scott E. Lash, Berks County Court of Common Pleas, entered at docket no. 08-14650 is incorporated herein by reference. Further, in brief, the action presently before this court could well be precluded by both res judicata and collateral estoppel. Nonetheless, this court addresses the merits of the present appeal below.

In appellant's lengthy statement of matters complained of on appeal, filed on November 20, 2009, appellant raised three issues:

(1) The board exceeded its authority in considering whether the proposed facility was a jail or prison;

(2) There is no evidence that the proposed halfway house would be a jail or prison; and,

(3) Orange Stones' application clearly showed all setbacks.

Appellant first argues that appellee exceeded its authority when it determined that the proposed facility was a jail or prison, a sua sponte decision on a matter not then before the appellee, and that this court erred when it affirmed that same determination. To the contrary, however, appellee Zoning Hearing Board was fully vested with the authority to make the determination it made. A zoning hearing board is a quasi-judicial body which can perform "formal fact-finding and deliberative functions in a manner similar to that of a court." *Kennedy v. Upper Milford Township Zoning Hearing Board,* 575 Pa. 105, 121, 834 A.2d 1104, 1114 (2003). Those functions include conducting hearings and receiving evidence upon which to draw factual findings. *East Allegheny Community Council v. Oncology-Hematology Associates,* 783 A.2d 375, 379-80 (Pa. Commw. 2001). The board's findings led them to conclude that the property fit the definition of "a jail or prison," a use clearly prohibited on the subject premises.

Where there was no additional evidence presented subsequent to appellee's determination, this court's scope of review was limited to whether there had been an abuse of discretion or error of law on the part of the appellee, a conclusion that could be reached only if the appellee's findings were not supported by substantial evidence. *Valley View Civic Association v. Zoning Board of Adjustment,* 501 Pa. 550, 554-55, 462 A.2d 637, 639-40, (1983). Substantial evidence is evidence that a reasonable person would find adequate to support a conclusion, and which the reviewing court must view in the light most favorable

to the party that prevailed before the factfinder. *Reed v. PennDOT,* 872 A.2d 202, 206 (Pa. Commw. 2005).

This court found that there had been no abuse of the appellee's discretion. The Zoning Hearing Board's decision was not unreasonable, a result of partiality, prejudice, bias or ill will. *Dennis v. Whitney,* 844 A.2d 1267, 1269 (Pa. Super. 2004). Furthermore, this court was more than satisfied that the Zoning Hearing Board's decision was supported by substantial evidence. The appellee, in this court's opinion, reviewed the appellee's application which had been denied by the zoning officer, as well as details of the proposed use and applicable zoning ordinances.

Appellant next argues that there is no actual evidence that the proposed halfway house would be a jail or prison. To the contrary, appellant's own evidence shows that the proposed halfway house, a community confinement center, meets the definition of a jail or prison, where the facility would be for individuals sent to that location to serve the final months of their sentences. As described above, the court has previously determined that this facility was correctly decided to be a jail or prison.

Appellant finally argues that the proposed application clearly showed all setbacks, and that the appellee erred in finding that appellant had not set out the setbacks on the site plan. Despite appellant's assertion, appellee was qualified to make such a determination. As this court has already detailed in addressing appellant's first matter complained of on appeal, above, the Zoning Hearing Board was fully vested with the power to make said determination based on the evidence presented to it, including the setbacks appellant may have shown. Fur-

thermore, the fact that the use requested is prohibited and Judge Scott Lash of this court has previously ruled on said issues, this instant appeal must be denied.

The prothonotary shall forward the remainder of the file to the Commonwealth Court.