IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Paul Dichak,                              :
                    Petitioner            :
                                          :   No. 1937 C.D. 2017
          v.                              :
                                          :   Submitted: July 13, 2018
Unemployment Compensation                 :
Board of Review,                          :
                    Respondent            :


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                              FILED: October 5, 2018


          Paul Dichak (Claimant) petitions, *pro se*, for review of the November 29,
2017 order of the Unemployment Compensation Board of Review (Board) affirming a
referee's decision that found Claimant ineligible for unemployment compensation
(UC) benefits pursuant to section 402(b) of the Unemployment Compensation Law
(Law).[1]

          Claimant was employed as a revenue agent with the Department of
Treasury/Internal Revenue Service. (Finding of Fact (F.F.) No. 1.) Claimant elected
to "resign/retire" from his position when he reached the age of 62 and his last day of

---

[1] Section 402(b) of the Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897,
*as amended*, 42 P.S. §802(b). This section states that an employee is ineligible for UC benefits for
any week "[i]n which his unemployment is due to voluntarily leaving work without cause of a
necessitous and compelling nature . . . ." *Id.*

work was January 31, 2017. *Id.* at 2. Had Claimant not elected to retire, continuing work would have been available to him. *Id.* Claimant subsequently worked at H&R Block from March 23, 2017, to April 18, 2017. (Certified Record (C.R.) at Item No. 10, p. 4; *Id.* at Item No. 11.) Claimant filed an application for UC benefits on April 16, 2017, listing the Department of Treasury as his last employer and indicating that his separation was due to voluntary retirement. *Id.* at Item No. 2. The local service center issued a determination denying him benefits, stating that Claimant failed to show a necessitous and compelling reason for resigning under section 402(b) of the Law. *Id.* at Item No. 6. Claimant appealed, asserting that the record was incomplete, and requested a face-to-face meeting with a UC representative. *Id.* at Item No. 7. In August 2017, Claimant appeared at a hearing before a referee. No representative of the Department of Treasury or H&R Block appeared.

During the hearing, Claimant indicated that he filed for UC benefits "due to lack of work from H&R Block" and that he did not "understand why [his] time with the [Department of Treasury] even came into this." *Id.* at Item No. 10, p. 3.[2] Claimant confirmed that he was hired by H&R Block for seasonal work for the period from March 23, 2017, through April 18, 2017, and the referee accepted a copy of Claimant's employment agreement with H&R Block into the record. *Id.* at Item No. 10, p. 5. Claimant had also previously submitted a copy of his final pay stub with H&R Block, showing total gross earnings of $915.00. *Id.* at Item No. 2. The referee then explained to Claimant that, regardless of the employer, Claimant would remain ineligible for UC benefits until he purged his disqualification due to his voluntary resignation from the Department of Treasury by earning in subsequent employment at least six times his weekly benefit amount of $480.00, or $2,880.00. *Id.* at Item No. 10, p. 6. Claimant

---

[2] Notably, Claimant listed the Department of Treasury as his last employer in the paperwork he submitted to the local service center. *See* C.R. at Item No. 2.

asked several questions which appeared to indicate his understanding, and the record was closed. *Id.* at Item No. 10, pp. 7-9.

The referee issued a decision and order affirming the denial of UC benefits. In his reasoning, the referee stated, "[C]laimant inaccurately believed that this case pertained to a subsequent separation from H&R Block. It was explained to [C]laimant that the Department [of Labor and Industry (DLI)] looks at every separation and that if an individual is disqualified, as [C]laimant seemed to acknowledge would take place regarding his separation from [the] Department of Treasury, it would be necessary for him to earn at least six times his weekly benefit amount, ($480), before the disqualification would be purged." *Id.* at Item No. 11. Claimant appealed to the Board and, referencing "H.B. 319 and Act 144," stated that he sought a "meeting/appeal hearing" because his employment with H&R Block "was brought up, but not discussed nor explained." *Id.* at Item No. 12. The Board construed this as an appeal and request for a remand hearing.

On November 29, 2017, the Board issued an order affirming the referee and denying Claimant's request for a remand, explaining that Claimant "was given sufficient opportunity to [present his case] at the Referee's hearing." *Id.* at Item No. 14. However, the Board additionally stated that, given Claimant's assertions regarding his subsequent employment with H&R Block, DLI "should investigate whether or not [C]laimant earned sufficient wages in this or any other subsequent employment to purge the disqualification under Section 401(f) of the Law.[3] The [C]laimant should

---

[3] Section 401(f) states,

Compensation shall be payable to any employe who is or becomes unemployed, and who—

3

provide such information to the UC Service Center." *Id.* Claimant filed a petition for review with this Court[4] asserting the Board erred in "not hearing or discussing my appeal." (Claimant's Br. at 10.)

Claimant's chief complaint appears to be that the Board did not order a remand for him to have additional discussion with a referee regarding the two laws he apparently discovered after the hearing. Having been denied his request for a remand, Claimant also complains that the Board did not discuss in its order the applicability of Act 144 and H.B. 319 to his case.

Section 504 of the Law provides the Board with the discretion to grant or deny a remand. 43 P.S. §824 ("The [B]oard shall have power . . . in any such case and in cases where a further appeal is allowed by the [B]oard from the decision of a referee . . . [to] direct the taking of additional evidence."). This Court reviews such decisions for an abuse of discretion. *See Fisher v. Unemployment Compensation Board of Review*, 696 A.2d 895, 897 (Pa. Cmwlth. 1997). Here, the Board explained that it

---

(f) Has earned, subsequent to his separation from work under circumstances which are disqualifying under the provisions of subsections 402(b), 402(e), 402(e.1), 402(h) and 402(k) of this act, remuneration for services in an amount equal to or in excess of six (6) times his weekly benefit rate in "employment" as defined in this act. The provisions of this subsection shall not apply to a suspension of work by an individual pursuant to a leave of absence granted by his last employer, provided such individual has made a reasonable effort to return to work with such employer upon the expiration of his leave of absence.

43 P.S. §801(f).

[4] Our scope of review is limited to determining whether constitutional rights have been violated, whether an error of law has been committed, and whether findings of fact are supported by substantial evidence. *Torres-Bobe v. Unemployment Compensation Board of Review*, 125 A.3d 122, 126 n.3 (Pa. Cmwlth. 2015).

denied Claimant's request for a remand because "he was given sufficient opportunity to [present his case] at the Referee's hearing." (C.R. at Item No. 13.) We agree.

A review of the hearing transcript reveals that the referee gave Claimant ample opportunities to make any and all arguments that he desired, generously took time to explain why Claimant was ineligible for UC benefits, and described what Claimant was required to do to become eligible, *i.e.*, purge his disqualification by earning at least six times his weekly benefit rate. *See* C.R. at Item No. 10, pp. 2-9. Further, in his request for a remand and, notably, in his brief to this Court, Claimant does not make any attempt to argue how H.B. 319 or Act 144 applies to his case. Indeed, the argument section of Claimant's brief includes no legal citations whatsoever, nor does Claimant indicate which sections of those laws he wishes the Court to analyze. Instead, Claimant appears to demand a re-evaluation of his case with a discussion of those two laws and their applicability to his case. Parties, however, are not entitled to legal advice from courts, nor are they entitled to a second review of their case in light of after-discovered authority which they deem favorable to their case. "While this Court is cognizant of [Claimant]'s *pro se* status, we cannot create a meritorious argument for him." *Reed v. Department of Transportation*, 872 A.2d 202, 205 (Pa. Cmwlth. 2005). As such, the Board did not abuse its discretion in denying a remand.[5]

With regard to the Board's pronouncement that the Department should investigate whether Claimant purged his disqualification by earning sufficient wages

---

[5] Even if this Court were inclined to overlook Claimant's waiver of his argument regarding Act 144 or H.B. 319 by virtue of his failure to raise it before the referee, s*ee* 2 Pa.C.S. §753(a), we note that Claimant would have waived the argument nonetheless due to his utter failure to develop it. *See Boniella v. Commonwealth*, 958 A.2d 1069, 1072 n.8 (Pa. Cmwlth. 2008) ("[T]his Court has held, [w]hen issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof. Mere issue spotting without analysis or legal citation to support an assertion precludes our appellate review of [a] matter." (internal citations and quotation marks omitted)).

and that Claimant should provide such information to the UC service center, we note that the Board seemingly neglected to consider that Claimant had already submitted that information prior to the referee hearing, including his final pay stub from H&R Block and Claimant's own handwritten calculation of his wages, both of which showed that he earned a total of $915.00 from his time at H&R Block. *See* C.R. at Item No. 2. As such, Claimant was ineligible for UC benefits under section 402(b) of the Law in that he did not demonstrate a necessitous and compelling reason for leaving his employment with the Department of Treasury and under section 401(f) of the Law because of his failure to purge this disqualification by earning six times his weekly benefit rate, or $2,880.00, subsequent to his voluntary resignation from the Department of Treasury.

Accordingly, we affirm the order of the Board to the extent it found Claimant ineligible for UC benefits and denied his request for a remand hearing.

_____
PATRICIA A. McCULLOUGH, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Paul Dichak,                                    :
               Petitioner              :
                                 :      No.  1937 C.D. 2017
          v.                                   :
                                 :
Unemployment Compensation            :
Board of Review,                               :
               Respondent            :

## ***ORDER***

AND NOW, this 5th day of October, 2018, the Unemployment Compensation Board of Review's November 29, 2017 order is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge