585 A.2d 602

**Cecil LAIRD, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (MICHAEL CURRAN & ASSOCIATES and Argonaut Insurance Company), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 26, 1990.

Decided Jan. 11, 1991.

As Amended Jan. 16, 1991.

Howard Farber, Media, for petitioner.

Charles S. Katz, Jr., Swartz, Campbell & Detweiler, Philadelphia, for respondents.

Before PALLADINO and BYER, JJ., and BARBIERI, Senior Judge.

PALLADINO, Judge.

Cecil Laird (Claimant) appeals an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision to grant a petition to terminate benefits filed by Michael Curran and Associates (Employer) and Argonaut Insurance Company (collectively, Respondents). We affirm.

On November 6, 1987, Claimant sustained a work-related injury to his back and received total disability benefits pursuant to a notice of compensation payable. Thereafter, Respondents filed a petition to terminate payment of the benefits as of April 28, 1988. Respondents were given a

hearing before a referee, who made the following relevant finding of fact and conclusion of law:

## FINDINGS OF FACT

. . . .

5. The Referee accepts as credible the testimony of R.J. Beurlot, Jr., M.D., board certified specialist in orthopedic surgery. The Referee finds that he examined Claimant on April 28, 1988 and subsequently reviewed CT scan of June 15, 1988 and MRI study of June 29, 1988. The Referee accepts his testimony as credible and *finds that as of April 28, 1988, Claimant has recovered from his injury of November 1987* and was able to return to work in his usual occupation. The referee rejects the testimony of David H. Steiner, M.D., as lacking credibility.

## CONCLUSIONS OF LAW

1. [Respondents have met their] burden of proving by clear and convincing evidence that *all of Claimant's disability [as] the result of the compensable injury of November 6, 1987 ceased and terminated as of June 29, 1988.*

Referee's Decision, at 2 (emphasis added). Accordingly, the referee granted the petition. Claimant appealed to the Board, which affirmed.

On appeal to this court,[1] Claimant raises three issues: (1) whether the referee erred by failing to make a finding as to the availability of work which Claimant can perform; (2) whether Respondents failed to produce evidence that work was available to Claimant; and (3) whether the referee erred by finding that Claimant had fully recovered from his work-related injury.

1. Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial evidence. *Magayna v. Workmen's Compensation Appeal Board (Jones & Laughlin Steel Corp.),* 115 Pa. Commonwealth Ct. 268, 539 A.2d 952 (1988).

As to the first issue, Claimant contends that the referee's finding that Claimant was able to return to his pre-injury job was incorrect because Claimant's pre-injury job no longer exists. Claimant argues that the availability of employment must be established prior to termination of benefits.

 In a proceeding to terminate benefits, the employer has the burden of proving that the claimant's disability has terminated, *or in the alternative,* if the claimant's recovery was less than complete, that he was able to return to his regular job without a loss of earning power. *Crankshaw v. Workmen's Compensation Appeal Board, (County of Allegheny)*, 120 Pa.Commonwealth Ct. 148, 548 A.2d 368 (1988), *petition for allowance of appeal denied,* 523 Pa. 633, 564 A.2d 1261 (1989). These methods for proving entitlement to a termination of benefits are in the alternative. In the present case, the referee concluded that Claimant's disability had ceased, thereby satisfying the requirement of the first method. This method does not require a finding as to the availability of employment. Consequently, the lack of such a finding does not constitute error.[2]

As to the second issue, because we conclude that a finding as to the availability of employment was unnecessary, it follows that Respondents were not required to present evidence on this issue.

 As to the third issue, Claimant argues that Dr. Beurlot's statements actually lend support to the Claimant's assertion that he had not fully recovered from his injury. Consequently, Claimant contends that the finding, that Claimant recovered from his injury, is not supported by

---

**2.** Claimant also argues that the termination was incorrect because he was not advised that he had received medical clearance to return to employment. Claimant cites *Lukens, Inc. v. Workmen's Compensation Appeal Board (Williams)*, 130 Pa.Commonwealth Ct. 479, 568 A.2d 981 (1989) for support. In *Lukens,* the employer attempted to prove the availability of employment, a necessary factor of which is that Claimant was made aware that employment was available within his medical limitations. Claimant must be so advised so that he can make a good faith effort to follow through on job referrals. *Lukens* is inapplicable to the present case because here the termination was based on the complete cessation of disability, which if proved renders irrelevant Claimant's efforts to secure employment.

substantial evidence. When deciding a substantial evidence question, this court must determine whether the entire record contains evidence which a reasonable person might find sufficient to support the referee's findings. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Skirpan)*, 132 Pa.Commonwealth Ct. 277, 572 A.2d 838 (1990).

Claimant argues that Dr. Beurlot implied that Claimant had not recovered when he stated (1) he had no reason to question Claimant's statement that he felt pain in his neck, left shoulder, lower back, and legs;[3] (2) he believed that Claimant should not return to employment which involves lifting more than 25 pounds;[4] and (3) Claimant might need future "symptomatic care."[5]

From our review of the record, it is clear that these statements were taken out of context. Regardless, this

3. Deposition of Dr. Ray J. Beurlot, at 18–19. Dr. Beurlot stated that these pains were not substantiated by objective evidence. We note that the mere reluctance of a physician to discount a claimant's unconfirmed subjective complaints is not tantamount to an implicit admission that the claimant is not fully recovered from a work-related disability. *Williams v. Workmen's Compensation Appeal Board (Montgomery Ward)*, 127 Pa.Commonwealth Ct. 587, 562 A.2d 437 (1989).

4. Dr. Beurlot actually testified as follows:
Q: Dr. Flick recommends a light duty type of position.... Would that be in line with your thinking? ...
A: ... As a treating physician, which is what I am assuming—correct me if I'm wrong—that Dr. Flick was at this point since he saw him on multiple occasions, he is recommending a very common approach to getting someone back rehabilitated. That's a light duty situation. This is a degree of caution that's done by most of us who are treating patients. In the earlier questions, I was asked, did I find any reason why the man could not return to his original occupation. And the answer, of course, was as I stated no. Quite a few of us have a tendency to say, let's try light work. If you do all right, we'll progress on into the heavier [sic] as you improve. So this really does not represent a true disagreement in approach or feeling because it's a very common approach from the treating physician.
Deposition of Dr. Ray J. Beurlot, at 27–28.

5. Dr. Beurlot stated that Claimant may need "some symptomatic care," but that such care would not restrict Claimant's ability to work or represent disability of any sort. Deposition of Dr. Ray J. Beurlot, at 14.

court can not, by implication, decide that an expert's opinion was contrary to the opinion he directly and clearly stated. Dr. Beurlot directly and clearly stated his opinion as follows:

Q I would ask you to express an opinion, if you have one, with reasonable medical certainty with respect to whether or not as of your examination of April 28, 1988, [Claimant] had recovered from the compensable injury which he sustained according to history on November 6, 1987?

A Yes.

Q What is that opinion?

A That he had recovered.

Deposition of Dr. Ray J. Beurlot, at 13–14.

Dr. Beurlot consistently testified that Claimant recovered from his injury. This testimony constitutes substantial evidence to support the disputed finding.

Accordingly, we affirm.

## ORDER

AND NOW, January 11, 1991, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.