**Munnira MITHANI, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (MT. AIRY LODGE and State Workmen's Insurance Fund), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 29, 1999.
Decided May 27, 1999.

Michael J. McDonald, Scranton, for petitioner.

Edward G. Krowiak, Scranton, for respondent.

Before McGINLEY, J., FLAHERTY, J., and RODGERS, Senior Judge.

FLAHERTY, Judge.

Munnira Mithani (Claimant) petitions for review from an order of the Workers' Compensation Appeal Board (Board) which affirmed the order of the Workers' Compensation Judge (WCJ) that denied Claimant's claim petition. We affirm.

The following factual summary is taken from the WCJ's findings of fact. On or about January 24, 1994 Claimant filed a claim petition against Mt. Airy Lodge (Employer) where she had worked as a waitress for eight years. On Saturday, March 13, 1993, Claimant was working for Employer as a waitress when a major snow-storm occurred and as a result thereof, Claimant was required by Employer to stay overnight in a room on the premises of the Employer. By staying there, this would enable Claimant to report to work on the following day.

The hotel room where Claimant actually stayed was approximately one-half mile from where she was to report to work. While walking in the snow on Sunday morning on her way to report to work, Claimant testified that she slipped on the Employer's property. As a result of the fall, Claimant testified that she experienced pain in her lower right leg, hip, and lower back.

Claimant testified that she went to the security booth of Employer and reported her fall to the security guard on duty who allegedly gave her non-prescription pain killers and ice. Claimant testified that she then reported to work to her supervisor Mr. Martens and advised him of her fall and pain. According to Claimant's testimony, Mr. Martens indicated that Claimant would not have to carry heavy trays and would only be required to carry juice and coffee. Claimant continued to work for Employer as a waitress until September 12, 1993. Thereafter Claimant received unemployment compensation benefits for 26 weeks.

In support of her claim petition, Claimant presented the medical testimony of two of her treating physicians. One of the medical experts testified that Claimant suffered from irritation of the L-5 nerve root with a suggestion of herniation or spinal stenosis and that such conditions were a result of the Claimant's fall in the snow. Claimant's second medical expert testified that Claimant suffered from failed back syndrome and persistent right lumbar radiculopathy. Both of Claimant's medical experts testified that while she was not capable of returning to waitressing, she could perform some sort of sedentary position.

In opposition to Claimant's claim petition, Employer presented the testimony of Mr. Tambasco, who oversaw the security for Employer. He testified that it is the practice of the security guards to keep a log of all reports of any work injuries and that the log did not contain an entry indicating that Claimant reported any incident whatsoever. In addition, Employer presented the testimony of two medical experts, Drs. Port and Cognetti.

Dr. Port performed several evaluations on the Claimant. According to Dr. Port, Claimant related the following history to him. Claimant indicated to Dr. Port that she used to walk the three quarters of a mile from home to work and that when she would walk through heavy snow, she developed pain. Dr. Port testified that Claimant never related to him that she slipped and fell in the snow. Dr. Port testified that any difficulties which Claimant was experiencing were not work related.

Dr. Cognetti testified that he first evaluated Claimant on April 11, 1995 and that he reviewed various medical records and reports concerning Claimant's prior care and treatment. The WCJ found that

27. As part of his evaluation, Dr. Cognetti reviewed records from Pocono Or-

thopedic Consultants. Therein it indicates that Claimant first treated on April 26, 1993. According to Dr. Cognetti "they describe [a] young female who had been running about a mile or two (2), four (4) to five (5) times a week for six (6) to seven (7) years for an exercise program. And approximately a month prior, she began with pain in her right lateral calf area." (Notes of testimony, Dr. Cognetti, page 13) From his review of those records, Dr. Cognetti indicates that there is no indication that claimant had fallen at work. Dr. Cognetti also reviewed the notes of Dr. Tedesco wherein he indicated that he found no evidence of a fall or work-related injury. Therein the same indicates that claimant stated that she was walking when her pain occurred....

28. Upon review of Dr. Black's notes, Dr. Cognetti found claimant reported "multiple falls February, May and August of 93". (Notes of testimony, Dr. Cognetti, page 14)....

30. On physical examination, Dr. Cognetti noted that the claimant gave a history that was extremely varying and was not indicative of any particular injury or diagnosis complex. On his basic examination, he found the same to be a normal physical examination. As for claimant's complaints, Dr. Cognetti noted there is absolutely no evidence of an atomic or physiologic disruption to support the same....

31. On physical examination, Dr. Cognetti attempted a straight leg raising test. Relevant to the same, Dr. Cognetti noted that "this was part of the incredulous part of her examination. She would not move her knee for me. She would not move her right ankle. She held them tight, voluntarily flexed. I was not able to do a straight leg raising test." (Notes of testimony, Dr. Cognetti, pages 20–21)

In taking her history, Dr. Cognetti did state that Claimant informed him that she slipped and fell while at Mt. Airy Lodge, on Employer's premises. Dr. Cognetti stated that he believed that there was no evidence of any sort of a specific work-related injury.

The WCJ accepted as credible the testimony of Drs. Cognetti and Port as well as the testimony of Employer's other witnesses. The WCJ rejected as not credible Claimant's testimony in light of the variety of histories which she had given the various physicians she had seen and in light of her failure to cooperate in Dr. Cognetti's physical examination of her. Accordingly, the WCJ denied the claim petition. The Board affirmed and Claimant now seeks this court's review.

■ This court's appellate review over an order of the Board is limited to determining whether the necessary findings of fact are supported by substantial evidence, whether constitutional rights were violated or an error of law was committed. *Noverati v. Workmen's Compensation Appeal Board (Newton Squire Inn)*, 686 A.2d 455 (Pa.Cmwlth.1996).

■ The first issue which Claimant raises is whether the WCJ erred in relying upon incompetent medical evidence in the form of hearsay medical records. We find this claim meritless. Claimant asserts that when Dr. Cognetti was asked about the records of Pocono Orthopedic Consultants, Claimant's counsel objected on the grounds that the records constituted hearsay. The statements made by Claimant and recorded in the medical records of Pocono Orthopedic Consultants fall within at least one exception to the hearsay rule. Those statements are statements by Claimant for the purposes of seeking medical treatment and/or diagnosis and as such fall squarely within the statements for purposes of medical diagnosis or treatment exception to hearsay. *Commonwealth v. Smith*, 545 Pa. 487, 492, 681 A.2d 1288, 1291 (1996); *Estate of Swift v. Northeastern Hospital of Philadelphia*, 456 Pa.Super. 330, 690 A.2d 719 (1997), *allocatur denied*, 549 Pa. 716, 701 A.2d 577

(1997)(testimony regarding out-of-court statements which were made for purposes of receiving medical treatment are admissible as substantive evidence). Thus, we reject Claimant's assertion that the testimony of Dr. Cognetti was based upon inadmissible hearsay and therefore could not constitute substantial competent evidence to support the WCJ's factual findings.

In addition, it has long been held that a medical witness may express an opinion based upon medical records of others even if those records were not introduced into evidence so long as they are the kind of records upon which the medical profession customarily relies in the practice of their profession. *Commonwealth v. Thomas,* 444 Pa. 436, 282 A.2d 693 (1971); *Satler v. Department of Transportation, Bureau of Driver Licensing,* 670 A.2d 1205, 1207 (Pa.Cmwlth.1996). Thus, Dr. Cognetti's opinion that Claimant's condition was not work-related, based as it was *inter alia,* upon reports of other medical professionals who treated Claimant which are typically relied upon physicians in the practice of their profession, was competent evidence which we find constitutes substantial evidence to support the WCJ's findings.[1]

Claimant's reliance upon *McCray v. Workmen's Compensation Appeal Board (Preschool Development Programs, Inc.),* 167 Pa.Cmwlth. 402, 648 A.2d 348 (1994), *allocatur denied,* 540 Pa. 608, 655 A.2d 995 (1995) is misplaced. Therein, this court held that the testimony of a vocational counselor as to what prospective employers told her concerning a candidate, who the vocational counselor referred to them, was inadmissible hearsay and no exception to the hearsay was applicable. Herein, there is an exception to the hearsay rule which is applicable and which renders the challenged testimony admissible and competent.

Likewise, *Benson v. Workmen's Compensation Appeal Board (Haverford State Hosp.),* 668 A.2d 244 (Pa.Cmwlth.1995) is of no avail to Claimant. Therein, this court held that the WCJ erred in admitting the insurance records over objection as substantive evidence i.e., to prove the truth of the matters contained in those records, namely that the claimant's injuries were due to a car accident, and thus, were not work related. This court noted that the employer did not contend that the insurance records were not hearsay or that they fell within an exception to the hearsay rule, and thus this court concluded that the records constituted hearsay. Here however, the challenged testimony falls within an exception to the hearsay rule and Dr. Cognetti properly relied upon reports which physicians typically rely upon to form their expert opinions.

In Claimant's next issue, she argues that the WCJ erred in rejecting credible and uncontradicted medical evidence of a work related injury without adequate explanation. In one breath, Claimant asserts that Dr. Port's testimony supports a finding of a work related injury notwithstanding that he testified that Claimant never related to him a slip and fall injury

---

1. It is not entirely clear from Claimant's brief whether her arguments concerning hearsay are based on the alleged hearsay nature of Claimant's statements to the physicians from whom she sought treatment or are based on the alleged hearsay nature of Dr. Cognetti's opinion based upon the medical records of other physicians which were not in evidence or both. To the extent that this presents an issue of so-called "double hearsay" or hearsay within hearsay, because both Dr. Cognetti's opinion and Claimant's statements made to her treating physicians fall within exceptions to the hearsay rule, the rule against hearsay does not bar admissibility. *Agresta v. Gillespie,* 158 Pa.Cmwlth. 230, 631 A.2d 772, 780 (1993), *overruled on other grounds in City of Philadelphia Police Department v. Gray,* 534 Pa. 467, 633 A.2d 1090 (1993)(when dealing with hearsay within hearsay, the statement in question must be examined on each level, and if at each level the statement would be admissible, then the combination will also be admissible.); *Commonwealth v. Stivala,* 435 Pa.Super. 176, 645 A.2d 257, 265 n. 5 (1994), *allocatur denied,* 540 Pa. 581, 655 A.2d 513 (1994).

on Employer's premises and that the WCJ erred in not finding Dr. Port's testimony supportive of a work related injury. Claimant's brief at 11–12. In a second breath, Claimant argues that "since Dr. Port's opinion on a work-related injury contradicts his own medical opinion and admitted facts, it is incompetent and must be rejected." Claimant's brief at 12. We find that Dr. Port's testimony does not support a finding that Claimant's injury was work-related in light of his testimony that Claimant did not report to him any work-related injury. Thus, the WCJ did not err in determining that Dr. Port's testimony did not support a finding of a work-related injury, notwithstanding that portions of his testimony corroborate Claimant's assertion that she walked through snow to get to work. Thus, this issue does not afford Claimant relief.

Finally, Claimant argues that the WCJ erred in not making a reasoned decision pursuant to Section 422(a) of the Workers' Compensation Act.[2] The Claimant argues that the WCJ

> failed to make a reasoned decision in this case by relying in large part on the incompetent hearsay evidence of medical records of non testifying physicians to undermine the credibility of the Claim-

ant and to bolster the credibility of Defendant's [Employer's] medical experts. The hearsay evidence, replete and pervasive throughout the findings of fact, was crucial to the Judge's credibility determinations and, as such, support an unreasonable and ill-advised decision.

Claimant's brief at 13. As this issue and argument rest on the assumption that the testimony relied upon by the WCJ was inadmissible hearsay, a contention which we have already rejected, this argument must fail as well.

As none of the issues which Claimant raises merit a reversal herein, the order of the Board is affirmed.

## ***ORDER***

NOW, May 27, 1999, the order of the Workers' Compensation Appeal Board, docketed at No. A96–4950 and dated August 3, 1998 is hereby affirmed.

---

**2.** Act of June 24, 1915, P.L. 735, *as amended,* 77 P.S. § 833.