IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Carmelo Olivares Hernandez, : 
      Petitioner : 
           : 
     v. : 
           : 
Workers' Compensation Appeal : 
Board (F&P Holding Co.), :  No. 1820 C.D. 2017
      Respondent :  Submitted: April 20, 2018


BEFORE: HONORABLE RENÉE COHN JUBELIRER, Judge
     HONORABLE ANNE E. COVEY, Judge
     HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION BY
JUDGE COVEY        FILED: July 19, 2018


   Carmelo Olivares Hernandez (Claimant) petitions this Court for review of the Workers' Compensation (WC) Appeal Board's (Board) November 28, 2017 order which affirmed the Workers' Compensation Judge's (WCJ) decision granting F&P Holding Company's (Employer) Petition to Terminate Compensation Benefits (Termination Petition), and reversed the WCJ's decision granting Claimant's Petition to Reinstate Benefits (Reinstatement Petition), and awarding Claimant litigation costs. The sole issue before this Court is whether the Board erred by affirming the WCJ's decision granting the Termination Petition. After review, we affirm.

   On August 12, 2011, while working for Employer as a maintenance worker, Claimant sustained an upper back injury. On July 31, 2012, Employer issued a medical-only Notice of Compensation Payable (NCP) acknowledging the injury as a thoracic sprain. At the time of the injury, Claimant was performing modified duty resulting from an earlier 2006 work-related lumbar spine injury.

   In September 2013, Claimant presented Employer with work restrictions pursuant to a Functional Capacity Evaluation (FCE). Thereafter, Employer laid off

Claimant. On October 1, 2013, Claimant filed the Reinstatement Petition alleging a decrease in earning power following the 2011 injury. On October 23, 2013, Employer filed an answer thereto, admitting that Claimant was laid off because Employer could not accommodate his work restrictions, but denying that the restrictions were related to the work injury. On March 14, 2014, Employer sent Claimant to Christian Fras, M.D. (Dr. Fras) for an Independent Medical Examination (IME). On April 29, 2014, Employer filed its Termination Petition seeking to terminate WC benefits effective March 14, 2014 based on Claimant's alleged full recovery from the thoracic sprain and his ability to return to unrestricted work.

On February 6, 2015, the WCJ granted both the Reinstatement Petition and the Termination Petition finding that Claimant was totally disabled from September 30, 2013 through March 14, 2014 resulting from the work injury, but was fully recovered thereafter. Both parties appealed from that decision. On April 25, 2016, the Board issued an order reversing the WCJ's decision granting reinstatement, and finding that there was insufficient record evidence to support the WCJ's conclusion that Claimant's August 12, 2011 work injury affected his earning power. The Board ruled that Claimant's inability to work as of September 30, 2013, was at least in part, due to a lumbar spine condition unrelated to the work injury. In addition, the Board vacated the grant of the Termination Petition and remanded the matter to allow the WCJ to reopen the record and consider the deposition testimony of Claimant's chiropractor and medical expert, Donna Kulp, D.C. (Dr. Kulp).

On remand, the WCJ found Claimant's live testimony credible and Dr. Fras' deposition testimony more credible than Dr. Kulp's deposition testimony. The WCJ again granted both petitions, awarded Claimant indemnity benefits from September 30, 2013 through March 14, 2014, and terminated benefits effective March 14, 2014. The WCJ also awarded litigation costs to Claimant. Both parties appealed to the Board. On November 28, 2017, the Board affirmed the WCJ's

decision granting the Termination Petition, but reversed the WCJ's decision granting the Reinstatement Petition and reversed the litigation cost award.[1] Claimant appealed to this Court.[2]

Initially,

> [i]t is solely for the WCJ, as the factfinder, to assess credibility and to resolve conflicts in the evidence. In addition, it is solely for the WCJ, as the factfinder, to determine what weight to give to any evidence. As such, the WCJ may reject the testimony of any witness in whole or in part, even if that testimony is uncontradicted.

*Empire Steel Castings v. Workers' Comp. Appeal Bd. (Cruceta)*, 749 A.2d 1021, 1024 (Pa. Cmwlth. 2000) (citations omitted).

Claimant contends that the Board erred by affirming the WCJ's decision granting the Termination Petition. The crux of Claimant's argument is that because the WCJ found Claimant's testimony credible, both the WCJ and the Board erred when they approved the Termination Petition. Claimant asserts that his testimony that he was not fully recovered from the work injury, needed work restrictions and additional treatment, and still experienced pain, was sufficient to deny the Termination Petition.

Relying on *Udvari v. Workmen's Compensation Appeal Board (U.S. Air, Inc.)*, 705 A.2d 1290 (Pa. 1997), the Board properly explained that an employer's burden in a termination petition

---

[1] The Board reversed the WCJ's decision granting the Reinstatement Petition and awarding litigation costs because the Board's April 25, 2016 order vacated only the WCJ's granting of the Termination Petition and remanded to allow the WCJ to consider Dr. Kulp's deposition testimony, and to make new findings of fact and conclusions of law relating to the Termination Petition. Thus, the Reinstatement Petition and litigation costs were not properly before the WCJ on remand.

[2] "On review[,] this Court must determine whether constitutional rights were violated, errors of law were committed, or necessary findings of fact were supported by substantial competent evidence." *Stepp v. Workers' Comp. Appeal Bd. (FairPoint Commc'ns, Inc.)*, 99 A.3d 598, 601 n.6 (Pa. Cmwlth. 2014). Claimant appeals only from the grant of the Termination Petition.

3

is met when an employer's medical expert unequivocally testifies that it is his or her opinion, within a reasonable degree of medical certainty, that the claimant is fully recovered, can return to work without restrictions, and that there are no objective medical findings that either substantiate any ongoing complaints of pain or connect them to the work injury.

Board Op. at 4. In *Udvari*, the Pennsylvania Supreme Court explained:

> The determination of whether a claimant's subjective complaints of pain are accepted is a question of fact for the WCJ. In the absence of objective medical testimony, the WCJ is neither required to accept the claimant's assertions, nor prohibited from doing so. Testimony by the employer's medical expert as to the *existence* of the claimant's *complaints* of pain does not require the WCJ to find for the claimant. A contrary conclusion would lead to the absurd result that a claimant could forever preclude the termination of benefits by merely complaining of continuing pain. **What is relevant in deciding whether the termination of benefits is warranted is whether the claimant suffers from pain as a result of the work-related injury.**
>
> . . . . In a case where the claimant complains of continued pain, **this burden is met when an employer's medical expert unequivocally testifies that it is his opinion, within a reasonable degree of medical certainty, that the claimant is fully recovered, can return to work without restrictions and that there are no objective medical findings which either substantiate the claims of pain or connect them to the work injury.** If the WCJ credits this testimony, the termination of benefits is proper.

*Udvari*, 705 A.2d at 1293 (bold emphasis added; footnotes omitted).

> In the instant matter, Employer's expert, Dr. Fras, testified:

> [Claimant's] physical examination was **entirely objectively normal.** There was nothing objective that would demand any restriction of activity. Certainly the radiographic findings on [Claimant's] imaging study are quite modest in nature and certainly not ones that would preclude his working and not ones that would demand a restriction of activity.

4

. . . .

> **The findings on the MRI are not ones that are indicative of an ongoing thoracic sprain. They are modest and degenerative in nature and are unrelated to a thoracic sprain.**
>
> The subjective complaints offered by Dr. Kulp in her description of [Claimant's] condition are not ones that are supported by objective findings either on evaluation or on radiographic assessment. They are not subjective complaints that would preclude an individual from working and are not ones that demand by their nature restriction of activity.

Reproduced Record (R.R.) at 109a-110a (emphasis added). In fact, Claimant acknowledges, in his brief to this Court, Dr. Fras' testimony that Claimant's March 14, 2014 examination "was objectively normal with full stride, normal sensation, intact reflexes and no muscle spasm[.]" Claimant Br. at 9. Claimant also concedes that "Dr. Fras testified that he saw no residuals of a thoracic sprain or strain and the MRI of the thoracic spine from [October 5, 2011] showed only degenerative changes and trivial disc bulges[.]" *Id.* Finally, Claimant recognizes that the WCJ found Dr. Fras credible.

However, Claimant asserts that five months after Dr. Fras' examination, Claimant testified that he continues to have pain in his upper back and that his treatment with Dr. Kulp is beneficial. At that time, he also testified that he has not fully recovered from the injury and had no new injuries. He emphasizes that *Udvari* is distinguishable because in the instant matter, the WCJ specifically found his post-IME testimony credible, while in *Udvari*, there were no such findings.[3] Claimant

---

[3] Although Claimant testified that he still experienced pain and Dr. Fras did not expressly discount that claim, this Court has recognized that "the mere reluctance of a physician to discount a claimant's unconfirmed subjective complaints is not tantamount to an implicit admission that the claimant is not fully recovered from a work-related disability." *Laird v. Workmen's Comp. Appeal Bd. (Michael Curran & Assocs.)*, 585 A.2d 602, 604 n.3 (Pa. Cmwlth. 1991). With respect to back

contends that the WCJ's crediting of Dr. Fras' testimony and granting termination of Claimant's benefits is inconsistent with the WCJ's finding that Claimant's testimony of ongoing pain and lack of full recovery was credible.

This Court addressed similar circumstances in *Pella Corp. v. Workers' Compensation Appeal Board (Wertz)* (Pa. Cmwlth. No. 2144 C.D. 2008, filed July 1, 2009).[4] In *Pella*, the WCJ granted the employer's termination petition, and the Board reversed. On review, this Court considered whether there was substantial record evidence to support the WCJ's finding that the claimant had fully recovered from a work-related low back strain. According to the claimant, in 2005, while pulling carts of glass, she experienced pain in her lower back and in her right leg. The employer recognized the injury as a "strain, unrelated to prior surgery." *Id*., slip op. at 2. The claimant testified that she underwent back surgery in 2006, and, following the surgery, she continued to experience back pain and occasional pain down her leg. She admitted she also underwent surgery in 2003 for a non-work-related back problem and continued to experience back pain up until the 2005 work injury. Further, she presented her treating physician's deposition testimony, wherein, the physician explained that he performed surgery in April 2006 for a work-related injury and that the claimant was not fully recovered from the work injury because she still had restrictions related to the surgery. On cross-examination, her physician admitted that the claimant had experienced chronic back pain since 1994 and previously had degenerative disc disease. Her physician also testified that the surgery he performed for her work-related injury was successful, but he would expect her to have pain due

---

pain that Claimant was allegedly experiencing, Dr. Fras did explicitly testify that imaging findings were degenerative in nature, and **unrelated** to Claimant's work injury. *See* R.R. at 109a.

[4] This Court's unreported memorandum opinions may be cited "for [their] persuasive value, but not as a binding precedent." Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a). Given the factual similarities to the instant matter, we find *Pella* persuasive.

to an earlier injury. The employer's physician explained that the claimant's ongoing pain complaints resulted from degenerative conditions, and that the claimant's surgery was to address conditions that existed prior to the work injury and was thus, unrelated thereto.

The WCJ accepted the claimant's testimony as credible. The WCJ also credited the claimant's physician's testimony that the claimant's injury was work-related, but discredited his testimony that the claimant had not recovered because the physician had testified that the surgery he performed was successful. Finally, the WCJ accepted the employer's expert's testimony to the extent it concurred with the claimant's physician's testimony. Based thereon, the WCJ granted the termination petition. The claimant appealed to the Board.

On review, the Board reversed, concluding there was no substantial record evidence supporting the finding that the claimant was fully recovered. The Board noted that the WCJ accepted the employer's expert's testimony only to the extent it was consistent with the claimant's physician's testimony and that the two physicians disagreed with respect to her recovery status. The Board further based its decision to reverse on the fact that the WCJ had accepted the claimant's testimony that she continued to experience pain. The employer then petitioned this Court for review.

This Court reversed the Board, concluding that substantial evidence supported the WCJ's decision granting the termination petition. The Court addressed the fact that the WCJ found the claimant credible, stating:

> That the WCJ credited [the c]laimant's testimony as to ongoing pain in her back does not alter this conclusion. It is evident from the WCJ's determination that, based on the credited testimony of [the claimant's physician] and [the employer's expert], she found [the c]laimant's ongoing complaints of back pain to be attributable to her preexisting degenerative conditions. As factfinder, the WCJ had the

7

sole authority to weigh the conflicting evidence, and this Court may not reassess that determination on appeal. *See Empire Steel*, 749 A.2d at 1024 ('[I]t is solely for the WCJ, as the factfinder, to determine what weight to give to any evidence.').

*Pella*, slip op. at 11 n.8.

Similarly, in the instant matter, although Claimant credibly testified that he continued to experience pain resulting from the work-related injury, the WCJ also found Dr. Fras' testimony credible that Claimant had fully recovered from the work-related injury. Dr. Fras' testimony evidenced that Claimant's physical examination was objectively normal, and any pain Claimant was experiencing resulted from degenerative changes unrelated to the work injury. The WCJ, as factfinder, had the sole authority to weigh the evidence and reach this conclusion. *See Empire Steel*. Because Employer met its burden under *Udvari*, the Board properly affirmed the WCJ's granting of Employer's Termination Petition.

For all of the above reasons, the Board's order is affirmed.

_____
ANNE E. COVEY, Judge

8

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Carmelo Olivares Hernandez,      :
             Petitioner      :
                   :
          v.            :
                   :
Workers' Compensation Appeal      :
Board (F&P Holding Co.),      :    No. 1820 C.D. 2017
          Respondent      :

## O R D E R

AND NOW, this 19th day of July, 2018, the Workers' Compensation Appeal Board's November 28, 2017 order is affirmed.

_____
ANNE E. COVEY, Judge