IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Edward F. Weatherill,            :
           Petitioner      :
                         :
     v.               :
                         :
Workers' Compensation Appeal  :
Board (Wise Foods, Inc.),      :  No. 857 C.D. 2019
          Respondent    :  Submitted: November 8, 2019

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON       FILED: January 23, 2020

      Edward F. Weatherill (Claimant) petitions for review of the June 12, 2019 order of the Workers' Compensation Appeal Board (Board) affirming the decision and order of Workers' Compensation Judge Susan Caravaggio (WCJ) granting the Petition to Terminate Compensation Benefits (Termination Petition) filed by Wise Foods, Inc. (Employer) pursuant to the Workers' Compensation Act (Act).[1]  We affirm.

      On November 8, 2016, while working as a shipper for Employer, Claimant suffered an injury to his left knee when he tripped over a small pipe as he pulled a hand jack.  WCJ Decision dated August 6, 2018, Certified Record Item No.

_____

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.

5 (WCJ Decision), Findings of Fact (F.F.) 6. Claimant sought medical treatment and was placed on light duty by Employer. F.F. 7. However, Claimant's knee continued to hurt, and he underwent surgery in March 2017. F.F. 7-8. After the surgery, Claimant underwent six weeks of physical therapy that improved his range of motion and resulted in him feeling better. F.F. 8.

On May 7, 2017, Claimant returned to light-duty work scanning products for Employer. F.F. 9. On his second day back, however, Claimant went home after lunch as a result of knee pain and function issues. F.F. 9. Claimant returned to the physician who had performed his knee surgery and underwent an EMG test that indicated Claimant suffered from a tarsal tunnel condition, but did not reveal any continuing knee issues. F.F. 10 & 14.

On July 31, 2017, Employer filed the Termination Petition seeking to cease benefits as of June 5, 2017 based on Claimant's physician's opinion that Claimant had fully recovered from his November 8, 2016 work injury as of June 5, 2017. *See* F.F. 2; Board Opinion at 1; Termination Petition at 1. The WCJ conducted a hearing and issued a decision on August 6, 2018, in which the WCJ found that Employer met its burden of proving that Claimant had fully recovered from the work-related injury. WCJ Decision at 6. Accordingly, the WCJ granted the Termination Petition and terminated Claimant's benefits as of June 5, 2017. WCJ Decision at 6-7. Claimant appealed the WCJ's ruling that he had fully recovered from his work injury, arguing that the WCJ's findings of fact and conclusions of law were based on inadmissible hearsay. On-line Appeal dated August 13, 2018, Certified Record Item No. 6. The Board affirmed. *See generally* Board Opinion dated June 12, 2019 (Board Opinion), Certified Record Item No. 8. Claimant timely petitioned this Court for review.

On appeal,[2] Claimant contends that the Board erred in affirming the WCJ's determination that substantial evidence existed to grant the Termination Petition. *See* Claimant's Brief at 16-19. Claimant alleges that the Board erred in affirming the WCJ because the testimony of the doctor upon which the WCJ granted the Termination Petition was based on the assessments of a physician's assistant employed by Claimant's physician, which assessments Claimant argues are hearsay. *Id.* Claimant is not entitled to relief.

As this Court has explained:

> In a termination proceeding, the employer bears the burden of proving that a work-related disability has ceased. This burden can be met by presenting unequivocal and competent medical evidence of a claimant's full recovery from a work-related injury.[3] A determination of whether medical testimony is equivocal is a conclusion of law fully reviewable by this Court. Credibility of witnesses, however, is for the [WCJ] to evaluate and he or

[2] In workers' compensation appeals, this Court's "scope of review is limited to determining whether constitutional rights have been violated, whether an error of law was committed and whether necessary findings of fact are supported by substantial evidence." *Morocho v. Workers' Comp. Appeal Bd. (Home Equity Renovations, Inc.)*, 167 A.3d 855, 858 n.4 (Pa. Cmwlth. 2017) (citing *Johnson v. Workmen's Comp. Appeal Bd. (Dubois Courier Express)*, 631 A.2d 693 (Pa. Cmwlth. 1993)).

> Substantial evidence is such relevant evidence a reasonable person might find sufficient to support the WCJ's findings. In determining whether a finding of fact is supported by substantial evidence, this Court must consider the evidence as a whole, view the evidence in a light most favorable to the party who prevailed before the WCJ, and draw all reasonable inferences which are deducible from the evidence in favor of the prevailing party.

*Frog, Switch & Mfg. Co. v. Workers' Comp. Appeal Bd. (Johnson)*, 106 A.3d 202, 206 (Pa. Cmwlth. 2014) (internal quotations and citations omitted).

[3] "Medical evidence is considered unequivocal if the medical expert, after providing a foundation, testifies that in his medical opinion, he thinks the facts exist." *Craftsmen v. Workers' Comp. Appeal Bd. (Krouchick)*, 809 A.2d 434, 439 (Pa. Cmwlth. 2002).

she may accept the testimony of one witness over that of another.

*Koszowski v. Workmen's Comp. Appeal Bd. (Greyhound Lines, Inc.)*, 595 A.2d 697, 699 (Pa. Cmwlth. 1991) (internal citations omitted).

Here, in support of the Termination Petition, Employer presented the deposition testimony of Mark Williams, D.O. *See* F.F. 8, 10 & 12-13; *see also* Board Opinion at 2-3. Dr. Williams, a board-certified orthopedic surgeon who has treated Claimant since the late 1990s, began treating Claimant for his knee injury on February 28, 2017. F.F. 12; Board Opinion at 2. Dr. Williams explained that he performed an arthroscopy with medial and lateral meniscectomies and an anterior synovectomy of Claimant's knee on March 10, 2017. F.F. 8; Board Opinion at 2. Dr. Williams testified that he returned Claimant to light-duty work as of May 4, 2017. Board Opinion at 3. Dr. Williams further explained that, pursuant to Claimant's complaints of pain in his left leg and foot, he ordered the performance of an EMG in May of 2017 that revealed Claimant had posterior tarsal syndrome involving the medial and lateral plantar branches of the left foot, but which Dr. Williams opined was unrelated to Claimant's work injury. Board Opinion at 3. Dr. Williams testified that Claimant returned to his office on June 5, 2017 with continuing symptoms concerning the tarsal region of his left foot, but that his knee injury was doing quite well. Board Opinion at 3. Ultimately, Dr. Williams opined that Claimant was fully recovered from his work injury, was capable of returning to work without restrictions as of June 5, 2017, and was not in need of further medical treatment for his work injury. F.F. 12-14; Board Opinion at 3.

Claimant testified in opposition to the Termination Petition. *See* F.F. 5-11; Board Opinion at 3-4. Claimant explained that he began working for Employer

4

in 2011, and that on November 8, 2016, he tripped over a pipe sticking out of the floor and felt something snap in his left knee, causing severe pain. F.F. 5; Board Opinion at 3. Claimant sought medical treatment and was placed on light-duty restrictions, but his knee continued to bother him. F.F. 7; Board Opinion at 4. Eventually, Claimant underwent surgery performed by Dr. Williams followed by six weeks of physical therapy and experienced a return to nearly a full range of motion. F.F. 8; Board Opinion at 4. Claimant testified that he returned to light-duty work on May 7, 2017, but could not finish his second day as a result of pain and burning in his left leg and knee. F.F. 9; Board Opinion at 4. Claimant testified that he continues to experience daily left knee symptoms, including constant muscle quivering both above and below the knee, but that he can ambulate "fairly decently" otherwise. Board Opinion at 4; *see also* F.F. 11.

Claimant also presented the deposition testimony of Christopher Damsgaard, M.D., in opposition to the Termination Petition. F.F. 15-17; Board Opinion at 4-5. Dr. Damsgaard, a board-certified eligible orthopedic surgeon, testified that he examined Claimant once on December 29, 2017, at which time he obtained Claimant's medical history and information regarding Claimant's complaints and treatments, physically examined Claimant and took and reviewed x-rays of Claimant's left knee. F.F. 15; Board Opinion at 4-5. Dr. Damsgaard noted that Claimant had some crepitus in his knee with range of motion. Board Opinion 5. Dr. Damsgaard stated he assumed Claimant's continued knee pain resulted from absent meniscus and scar tissue attendant to his surgery, but that it was unlikely that the numbness in Claimant's foot and leg was coming from his knee or arthritis in his knee, which Dr. Damsgaard explained was not the result of Claimant's work injury.

F.F. 16-17; Board Opinion at 5. Ultimately, Dr. Damsgaard opined that Claimant was not fully recovered from his work injury. F.F. 16; Board Opinion at 5.

Based on the evidence presented, the WCJ made the following relevant determinations:

> 4. Claimant's testimony that he has pain in his left leg, from above the knee all the way down to the foot, is credible. His demeanor at the hearing was credible. The issue is primarily a medical issue concerning the cause of that pain.
>
> . . . .
>
> 14. The opinions of Dr. Williams are credible, logical, internally consistent, and persuasive. They were supported by his findings on physical examination and by objective testing. The [WCJ] notes that by June 5, 2017, Claimant's complaints were primarily in his foot and ankle and he was referred to another doctor for the treatment of the tarsal tunnel condition found through the EMG. The [WCJ] was impressed with Dr. Williams' discussion that Claimant continued to have complaints in his lower leg which is what prompted him to order the EMG, and the EMG did not reveal any problems with the knee, but only with the foot.
>
> . . . .
>
> 17. Dr. Damsgaard's opinions that the numbness and arthritis are not related to the work injury are credible, logical, internally consistent, and persuasive. Those opinions were not refuted. His opinion that Claimant has not recovered from the work injury is not credible. Those opinions [sic] were refuted by Dr. Williams' credible opinions. It also appears that Dr. Damsgaard's opinion that Claimant was not recovered was based on his assumptions and what Claimant told him and not on any objective findings. . . .

WCJ Decision at 5-6, F.F. 4, 14 & 17 (internal record citations omitted). Of course, the WCJ determines witness credibility and the weight of evidence, and neither the Board nor this Court may overturn those determinations on appeal. *Koszowski*; *see also Hawbaker v. Workers' Comp. Appeal Bd. (Kriner's Quality Roofing Servs. & Uninsured Emp'r Guar. Fund)*, 159 A.3d 61, 69 (Pa. Cmwlth.), *appeal denied*, 173 A.3d 252 (Pa. 2017) ("Neither the Board nor this Court may reweigh the evidence or the WCJ's credibility determinations.").

As a result of the WCJ's credibility determinations, which we must accept, as did the Board,[4] we find that substantial record evidence supports the WCJ's findings of fact. Specifically, Dr. Williams' credible testimony supports the WCJ's finding that Claimant had fully recovered from his November 8, 2016 work-related injury as of June 5, 2017. Therefore, the WCJ properly terminated Claimant's compensation benefits. *See* WCJ Decision at 6 & Order. We find no error in the Board's affirmance of the WCJ's decision.

To the extent Claimant argues that Dr. Williams' testimony was incompetent because it was based solely on the hearsay testimony of his physician's assistant, we do not agree. As this Court has expressly explained:

> [I]t has long been held as an exception to the hearsay rule that a medical witness may express an opinion based upon medical records of others even if those records were not introduced into evidence so long as they are the kind of records upon which the medical profession customarily relies in the practice of their profession.

---

[4] *See* Board Opinion at 5-6.

7

*Empire Steel Castings, Inc. v. Workers' Comp. Appeal Bd. (Cruceta)*, 749 A.2d 1021, 1026 (Pa. Cmwlth. 2000). The notes and reports of non-testifying medical professionals who assisted in a patient's treatment and that are relied upon by a testifying medical professional are just such records. *Id.*

Here, Dr. Williams testified that a physician's assistant in his office named Pamela Morrow performed follow-up examinations of Claimant at Dr. Williams' office. *See* Board Opinion at 2. Dr. Williams explained that Ms. Morrow is authorized to act in his name and issue reports on behalf of the orthopedic group of which he is a member. *Id.* Dr. Williams also explained that, as the supervising physician, he reviews and co-signs all Ms. Morrow's patient notes. *Id.* Dr. Williams further testified that he routinely utilizes Ms. Morrow's reports in formulating his diagnoses and the treatment and care of his patients. *Id.* at 3. Dr. Williams also testified that, in this matter, Ms. Morrow's records reflect his review and opinion. *Id.* We find no error in the WCJ's acceptance, or the Board's affirmance, of Dr. Williams' testimony based partially on the reports of his physician's assistant. *See Empire Steel*.

Accordingly, the Board's order is affirmed.

_____
CHRISTINE FIZZANO CANNON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Edward F. Weatherill,                     :
                    Petitioner            :
                                          :
          v.                              :
                                          :
Workers' Compensation Appeal              :
Board (Wise Foods, Inc.),                 :    No. 857 C.D. 2019
                    Respondent            :

## O R D E R

AND NOW, this 23rd day of January, 2020, the June 12, 2019 order of the Workers' Compensation Appeal Board is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge